# EXHIBIT A

Heather Day Patrek
Private Wealth Advisor Managing Director
U.S. Bank
800 Nicollet Mall, 8th Floor
Minneapolis, MN 55402

Re: Resignation

Dear Ms. Patrek:

Please be advised that I am resigning my position with U.S. Bank effective immediately. In leaving U.S. Bank, I have conducted myself in accordance with the terms of my employment. Pursuant to FINRA Regulatory Notice 19-10, if clients should call asking for me, please inform them of the following contact number: (651) 247-5915.

Please contact my counsel with any questions.

     Thomas B. Lewis, Esquire
     Stevens & Lee
     510 Carnegie Center Drive
     Princeton, NJ 08540
     Ph:  (609) 987-5335
     tbl@stevenslee.com

Thank you for your consideration and I anticipate this transition will proceed in a professional, respectful manner.

Sincerely,

James Kirk

# EXHIBIT B

4/15/25

Daniel Farley
Midwest Regional Executive
U.S. Bank
800 Nicollet Mall, 16th Floor
Minneapolis, MN 55402

Re: Resignation

Dear Mr. Farley:

Please be advised that I am resigning my position with U.S. Bank effective
immediately. In leaving U.S. Bank, I have conducted myself in accordance with the
terms of my employment. If clients should call asking for me, please inform them of
the following contact number: (651) 492-1108.

Please contact my counsel with any questions.

Thomas B. Lewis, Esquire
Stevens & Lee
510 Carnegie Center Drive
Princeton, NJ 08540
Ph: (609) 987-5335
tbl@stevenslee.com

Thank you for your consideration and I anticipate this transition will proceed in a
professional, respectful manner.

Sincerely,

Darcy Frederickson

# EXHIBIT C

Paul Springmeyer
Senior Vice President – Regional Investment Director
U.S. Bank
800 Nicollet Mall, 8th Floor
Minneapolis, MN 55402

Re: Resignation

Dear Mr. Springmeyer:

Please be advised that I am resigning my position with U.S. Bank effective immediately. In leaving U.S. Bank, I have conducted myself in accordance with the terms of my employment.

Please contact my counsel with any questions.

     Thomas B. Lewis, Esquire
     Stevens & Lee
     510 Carnegie Center Drive
     Princeton, NJ 08540
     Ph: (609) 987-5335
     tbl@stevenslee.com

Thank you for your consideration and I anticipate this transition will proceed in a professional, respectful manner.

Sincerely,

Jason Beumer

# EXHIBIT D



usbank.com

Jana E. Bruder
SVP & Assistant General Counsel
800 Nicollet Mall, BC-MN-H21N
Minneapolis, MN 55402
Facsimile: (612) 303-7886

April 17, 2025

Thomas B. Lewis, Esquire                    **VIA UPS OVERNIGHT and E-MAIL**
Stevens & Lee
510 Carnegie Center Drive
Princeton, NJ 08540
tbl@stevenslee.com

      Re:    Jim Kirk, Darcy Fredrickson and Jason Beumer

Dear Mr. Lewis:

I am in-house counsel for U.S. Bank and I understand you represent Jim Kirk, Darcy Fredrickson and Jason Beumer, all of whom tendered their resignations to U.S. Bank yesterday morning. My client has informed me that clients have indicated that all three have already contacted U.S. Bank clients attempting to persuade them to move their business to their new employer. This conduct raises serious concerns that they are in breach of their contractual obligations to U.S. Bank. Mr. Kirk, Ms. Fredrickson and Mr. Beumer all have post-employment obligations under the Confidentiality and Non-Solicitation Agreements (the "Agreement") they signed with U.S. Bank. I have enclosed copies of all three Agreements.

These Agreements prohibit the solicitation or inducement of U.S. Bank customers and employees for one year following termination of employment. They also prohibit the use and disclosure of U.S. Bank "Confidential Information," except where legally allowed or required. The definition of "Confidential Information" is broad and includes client contact information, among other things. The fact that your clients have already contacted U.S. Bank clients leads us to believe that they have retained client contact information in violation of their Agreements. Most, if not all, of these clients do not have contact information that is publicly available.

By no later than 5:00 p.m. CDT on **Monday, April 18, 2025**, we expect a response in writing confirming (1) your clients have ceased contacting clients or engaging in any conduct that violates the Agreement; (2) they do not have any U.S Bank Confidential Information, including client information, in their possession, custody or control; and (3) your clients have preserved and not deleted any and all potentially relevant data or documents to this matter, including, but not limited to, their outreach to clients and their departures from U.S. Bank. If your clients do have U.S. Bank

Confidential Information in their possession, we expect that you will identify that information in your response in detail. In addition, we are investigating the circumstances of your clients' departure and their post-employment conduct, and require the passcodes for their Company cellphones. While all three devices were returned to U.S. Bank, we were not provided the passcodes.

If I do not hear from you by Monday, U.S. Bank will have no choice but to assume your clients do not intend to abide by their obligations to the Company and will respond accordingly to protect its business interests. U.S. Bank reserves all rights and waives none.

Sincerely,

Jana E. Bruder

cc:    Heather Patrek
       Paul Springmeyer
       Dan Farley
       Amit Poddar
       Alison Hach

# EXHIBIT E

**From:** Lewis, Thomas B.
**Sent:** Monday, April 21, 2025 2:46 PM
**To:** Hillsdale, Mari J
**Cc:** Bruder, Jana E
**Subject:** [EXTERNAL] NSA Letters - Jim Kirk, Darcy Fredrickson and Jason Beumer

[WARNING] Use caution when opening attachments or links from unknown senders.

Good afternoon. I received your letter regarding Jim Kirk, Darcy Frederickson and Jason Beumer.

They understand and are complying with their obligations owed to US Bank, they do not have any confidential US Bank information, and they deleted all US Bank client info from their phones before they joined RBC.

I have their cell phone passwords. I can email the passwords to you. Or, we can discuss and I can verbally give you each password. Let me know what works best.

Thanks, Tom.

**Thomas B. Lewis**
Certified Civil Trial Attorney-NJ Managing Attorney
**Stevens & Lee,** A Pennsylvania Professional Corporation
Carnegie Center
510 Carnegie Center
Princeton, NJ 08540
T: 609-987-5335
tbl@stevenslee.com

---

**From:** Hillsdale, Mari J <mari.hillsdale@usbank.com>
**Sent:** Thursday, April 17, 2025 12:49 PM
**To:** Lewis, Thomas B. <tbl@stevenslee.com>
**Cc:** Bruder, Jana E <jana.bruder@usbank.com>
**Subject:** NSA Letters - Jim Kirk, Darcy Fredrickson and Jason Beumer

Hi Thomas, please see the attached letter that was sent via UPS overnight mail today. Thank you.

**Mari Hillsdale**
Administrative Assistant
***Currently working hybrid: m. 763-412-0011*** | p. 612-303-9182 | mari.hillsdale@usbank.com

**U.S Bank**
**U.S. Bancorp Ctr, Minneapolis**
800 Nicollet Mall, Minneapolis, MN 55402-7020 |BC-MN-21LA

U.S. BANCORP made the following annotations

-----------------------------------------------------------------

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

-----------------------------------------------------------------

This email may contain privileged and confidential information and is solely for the use of the sender's intended recipient(s). If you received this email in error, please notify the sender by reply email and delete all copies and attachments. Thank you.
U.S. BANCORP made the following annotations

-----------------------------------------------------------------

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

-----------------------------------------------------------------

# EXHIBIT F

James Kirk 498275



## CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT

In consideration of U.S. Bank National Association, or its affiliated companies (hereinafter referred to as U.S. Bank), employing me, and in consideration of (a) the compensation to be paid to me by U.S. Bank, (b) the support services and facilities provided to me, (c) the access to confidential information provided to me, and (d) for other good and valuable consideration, I agree that:

1.  I will treat as confidential all records of U.S. Bank whether in original, duplicated, copied, recorded, computerized or other form, that contain or refer to confidential or proprietary information of U.S. Bank or its customers (collectively "Confidential Information"), including without limitation the following:

    (i)   the names, addresses, and telephone numbers of its customers and prospective customers (collectively "customers"), the investment portfolios of its customers and any information concerning customers' past, present, or future investment activities, any documents or records reflecting work in process, and any information relating to U.S. Bank's customers' banking or trust relationships, customers' income, net worth or other business or personal financial information;

    (ii)  any information concerning U.S. Bank's methods, operations, financing, services, pricing information, compensation data, pending projects and proposals, research and development strategies, production reports, financial and marketing information, technological developments, software, computer systems, techniques, processes, as well as policy or procedure manuals or training materials; and

    (iii) any other secret or confidential information relating to the products, services, customers, sales, technology and business affairs of U.S. Bank.

2.  I recognize that such Confidential Information constitutes a unique and valuable asset of U.S. Bank acquired at great expense by U.S. Bank and any disclosure or other use of such information other than for the sole benefit of U.S. Bank would be wrongful and would cause irreparable harm to U.S. Bank.

3.  Except as required in the ordinary course of U.S. Bank's business, I will not, at any time either during or subsequent to my employment with U.S. Bank, remove Confidential Information, whether in original, duplicated or copied form, from the premises of U.S. Bank. I will keep Confidential Information secret and in strict confidence during and subsequent to my employment with U.S. Bank and will not use any such information or disclose, either directly or indirectly, any such information to any person, firm corporation, association, or other entity, except to the extent such use or disclosure:

    (i)   is necessary for the performance of my duties;

**bank**

James Kirk 498275

(ii)    is required by applicable law; or

(iii)    is authorized in writing by an Executive Vice President of U.S. Bank.

4.    I will not at any time either during or subsequent to my employment with U.S. Bank utilize U.S. Bank's Confidential Information to solicit, influence, or encourage any customers or prospective customers of U.S. Bank to divert or direct their business to me or any other person, association or entity.

5.    In the event of my voluntary or involuntary termination from U.S. Bank, for any reason, I will immediately return all U.S. Bank property, and all documents and materials of any nature containing any Confidential Information, without retaining copies, including any original, computerized, electronic, or duplicated documents or materials or portions of documents or materials.  I will also immediately deliver any and all such property, documents, and materials at any time upon the request of U.S. Bank.

6.    I agree that during the term of my employment with U.S. Bank, and for a period of one year thereafter, I will not, directly or indirectly, on behalf of myself or on behalf of any other individual, association or entity, as an agent or otherwise:

(i)    solicit or induce any of the customers of U.S. Bank for whom I directly performed any services or had any direct business contact, to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

(ii)    solicit or induce any of the customers or prospective customers of U.S. Bank, whose identity or other customer specific information I discovered or gained access to as a result of my access to U.S. Bank's Confidential Information, to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank.

7.    I agree that during the term of my employment with U.S. Bank, and for a period of one year thereafter, I will not, directly or indirectly, encourage, induce or entice any employee of U.S. Bank to leave U.S. Bank's employment.

8.    I agree that, following the termination of my employment with U.S. Bank and prior to my acceptance of any subsequent employment, I will notify any person, firm, corporation, association, or other entity with which I am offered employment of the existence of this Agreement and its terms.

9.    I acknowledge that U.S. Bank may elect to provide another party, including any of my subsequent employers, with notice of this Agreement and an opinion about its applicability.  While I reserve the right to also communicate my disagreement with such an opinion if I disagree, I recognize that U.S. Bank has a legitimate business interest in

 **bank**

James Kirk 498275

expressing its opinion, and I consent to it doing so. I will not assert any legal claim or cause of action based upon such conduct by U.S. Bank.

10. I understand that the restrictions contained in this Agreement are necessary to protect the business and goodwill of U.S. Bank, and I consider them to be reasonable for such purposes. I also understand and acknowledge that the breach of any provision of this Agreement shall result in substantial, irreparable injury and damage to U.S. Bank, that there is no adequate remedy at law for such breach, and therefore I consent to the issuance of a temporary restraining order or a preliminary injunction by a court to prohibit and enjoin the breach of any provision of this Agreement. I also acknowledge and agree that such relief will be in addition to any other remedies that may be available to U.S. Bank.

11. The enforceability and interpretation of this Agreement shall be governed by the laws of the State of Minnesota regardless of any conflicts of law principles of that State or any other State to the contrary. Venue for all disputes between the parties, including those related to this Agreement, shall be with a state or federal court located within Hennepin County, Minnesota.

12. This Agreement and the rights and duties created hereunder are personal and will not be assignable or delegable by me. This Agreement shall be binding upon and inure to the benefit of both parties and their respective successors and permitted assigns, including any corporation or entity with which U.S. Bank may be merged or which may succeed to its assets or business. I consent that U.S. Bank may, at its option, assigns its rights and duties hereunder to any other person or entity in connection with any form of corporate reorganization, any sale or merger of all or part of U.S. Bank or any acquisition of U.S. Bank.

13. If any provision of this Agreement is held to be unenforceable, then this Agreement will be deemed amended to the extent necessary to render the otherwise unenforceable provision, and the rest of the Agreement, valid and enforceable. If a court declines to amend this Agreement as provided herein, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the remaining provisions, which shall be enforced as if the offending provision had not been included in this Agreement.

14. All obligations under this Agreement will survive the termination of my employment with U.S. Bank.

15. This document contains the entire agreement of the parties with respect to its subject matter. It may not be changed orally, but only by an agreement in writing signed by me and an authorized representative of U.S. Bank. This Agreement supersedes any and all prior agreements and other understandings between me and U.S. Bank with respect to the matters addressed in this Agreement.

 James Kirk 498275

16.    I understand that nothing in this Agreement requires me to continue employment with U.S. Bank for any particular length of time or requires that U.S. Bank continue to employ me for any particular length of time.

## I HAVE CAREFULLY REVIEWED THIS AGREEMENT PRIOR TO SIGNING IT, AND I UNDERSTAND ITS TERMS.

_James Thomas Kirk_
Print Your Full Legal Name Here

Signature                                                    5/4/15
                                                             Date

*NOTE:  As a condition of employment this document must be signed and all pages (4 of 4) returned to Human Resources prior to starting employment.*

*Please return the signed document to HRConnection at:*

**Fax:  (855) 269-5508**
**Or**
**Email:**

Please direct all questions to HRConnection at **(800) 806-7009** and follow the Recruitment prompts.

FROM :                    FAX NO. :6513400025              May. 04 2015 09:38PM  P4

# EXHIBIT G

Current employees - Most states / most business lines

## CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT

consideration of U.S. Bank National Association, or its affiliated companies
reinafter referred to as U.S. Bank), providing me with (a) the opportunity to participate
the U.S. Bancorp 2001 Stock Incentive Plan with a vesting schedule of 25% on the
st, second, third and fourth anniversaries of the grant date, (b) the opportunity to
ticipate in any future stock incentive plans for which I become eligible and (c) other
od and valuable consideration, I agree that:

I will treat as confidential all records of U.S. Bank whether in original, duplicated,
copied, recorded, computerized or other form, that contain or refer to confidential or
proprietary information of U.S. Bank or its customers (collectively "Confidential
Information"), including without limitation the following:

    (i)    the names, addresses, and telephone numbers of its customers and prospective
customers (collectively "customers"), the investment portfolios of its
customers and any information concerning customers' past, present, or future
investment activities, any documents or records reflecting work in process,
and any information relating to U.S. Bank's customers' banking or trust
relationships, customers' income, net worth or other business or personal
financial information; and

    (ii)    any information concerning U.S. Bank's methods, operations, financing,
services, pricing information, compensation data, pending projects and
proposals, research and development strategies, production reports, financial
and marketing information, technological developments, software, computer
systems, techniques, processes, as well as policy or procedure manuals or
training materials; and

    (iii)    any other secret or confidential information relating to the products, services,
customers, sales, technology and business affairs of U.S. Bank.

2.    I recognize that such Confidential Information constitutes a unique and valuable asset
of U.S. Bank acquired at great expense by U.S. Bank and any disclosure or other use
of such information other than for the sole benefit of U.S. Bank would be wrongful
and would cause irreparable harm to U.S. Bank.

3.    I will not at any time either during or subsequent to my employment with U.S. Bank
disclose or transmit, either directly or indirectly, any Confidential Information of U.S.
Bank to any person, firm, corporation, association or other entity, and will not remove
this information, whether in original, duplicated or copied form, from the premises of
U.S. Bank, except as required in the ordinary course of U.S. Bank's business. I will
keep Confidential Information secret and in strict confidence during the term of this
Agreement and at all times thereafter and will not disclose any of such information
except to the extent such disclosure is (i) necessary for the performance of my duties,
(ii) required by applicable law, or (iii) authorized in writing by an Executive Vice
President of U.S. Bank.

4.    In the event of my voluntary or involuntary termination from U.S. Bank, for any
reason, I will immediately return all Confidential Information of U.S. Bank, including
any original, computerized or duplicated records or portions of records.

5.    I agree that during the term of my employment with U.S. Bank, and for a period of
one year thereafter, I will not, directly or indirectly, on behalf of myself or on behalf
of any other individual, association or entity, as an agent or otherwise:

Frederickson,Darcy D
15475
02/16/199

Current employees - Most states / most business lines

(i)      contact any of the customers of U.S. Bank for whom I directly performed any services or had any direct business contact for the purpose of soliciting business or inducing such customer to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

(ii)      contact any of the customers or prospective customers of U.S. Bank whose identity or other customer specific information I discovered or gained access to as a result of my access to U.S. Bank's Confidential Information for the purpose of soliciting or inducing any of such customers or prospective customers to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

(iii)      utilize U.S. Bank's Confidential Information to solicit, influence, or encourage any customers or prospective customers of U.S. Bank to divert or direct their business to me or any other person, association or entity by or with whom I am employed, associated, engaged as agent or otherwise affiliated.

6. I agree that during the term of my employment with U.S. Bank, and for a period of one year thereafter, I will not, directly or indirectly, encourage, induce or entice any employee of U.S. Bank with access to or possession of Confidential Information to leave U.S. Bank's employment.

7. I consent to the issuance of a temporary restraining order or a preliminary injunction by a court to prohibit and enjoin the breach of any provision of this Agreement. All other remedies also will be available.

8. This Agreement will be governed by the laws of the State of Minnesota.

9. The provisions of this Agreement are severable. In the event any provision of this Agreement is found to be unenforceable, in whole or in part, the remainder of this Agreement will nevertheless be binding and enforceable.

10. All obligations under this Agreement will survive the termination of my employment with U.S. Bank.

11. I understand that nothing in this Agreement requires me to continue employment with U.S. Bank for any particular length of time or requires that U.S. Bank continue to employ me for any particular length of time.

I HAVE CAREFULLY REVIEWED THIS AGREEMENT PRIOR TO SIGNING IT, AND I UNDERSTAND ITS TERMS.

_Darcy Frederickson_    2/25/03          _Darcy D. Frederickson_
Signature            Date            Print Your Full Legal Name Here

# EXHIBIT H



# CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT

In consideration of U.S. Bank National Association, or its affiliated companies (hereinafter referred to as U.S. Bank), employing me, and in consideration of (a) the compensation to be paid to me by U.S. Bank, (b) the support services and facilities provided to me, (c) the access to confidential information provided to me, and (d) for other good and valuable consideration, I agree that:

1.  I will treat as confidential all records of U.S. Bank whether in original, duplicated, copied, recorded, computerized or other form, that contain or refer to confidential or proprietary information of U.S. Bank or its customers (collectively "Confidential Information"), including without limitation the following:

    (i)   the names, addresses, and telephone numbers of its customers and prospective customers (collectively "customers"), the investment portfolios of its customers and any information concerning customers' past, present, or future investment activities, any documents or records reflecting work in process, and any information relating to U.S. Bank's customers' banking or trust relationships, customers' income, net worth or other business or personal financial information;

    (ii)  any information concerning U.S. Bank's methods, operations, financing, services, pricing information, compensation data, pending projects and proposals, research and development strategies, production reports, financial and marketing information, technological developments, software, computer systems, techniques, processes, as well as policy or procedure manuals or training materials; and

    (iii) any other secret or confidential information relating to the products, services, customers, sales, technology and business affairs of U.S. Bank.

2.  I recognize that such Confidential Information constitutes a unique and valuable asset of U.S. Bank acquired at great expense by U.S. Bank and any disclosure or other use of such information other than for the sole benefit of U.S. Bank would be wrongful and would cause irreparable harm to U.S. Bank.

3.  Except as required in the ordinary course of U.S. Bank's business, I will not, at any time either during or subsequent to my employment with U.S. Bank, remove Confidential Information, whether in original, duplicated or copied form, from the premises of U.S. Bank. I will keep Confidential Information secret and in strict confidence during and subsequent to my employment with U.S. Bank and will not use any such information or disclose, either directly or indirectly, any such information to any person, firm corporation, association, or other entity, except to the extent such use or disclosure:



    (i)     is necessary for the performance of my duties;

    (ii)    is required by applicable law; or

    (iii)   is authorized in writing by an Executive Vice President of U.S. Bank.

4.    I will not at any time either during or subsequent to my employment with U.S. Bank utilize U.S. Bank's Confidential Information to solicit, influence, or encourage any customers or prospective customers of U.S. Bank to divert or direct their business to me or any other person, association or entity.

5.    In the event of my voluntary or involuntary termination from U.S. Bank, for any reason, I will immediately return all U.S. Bank property, and all documents and materials of any nature containing any Confidential Information, without retaining copies, including any original, computerized, electronic, or duplicated documents or materials or portions of documents or materials. I will also immediately deliver any and all such property, documents, and materials at any time upon the request of U.S. Bank.

6.    I agree that during the term of my employment with U.S. Bank, and for a period of one year thereafter, I will not, directly or indirectly, on behalf of myself or on behalf of any other individual, association or entity, as an agent or otherwise:

    (i)     solicit or induce any of the customers of U.S. Bank for whom I directly performed any services or had any direct business contact, to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

    (ii)    solicit or induce any of the customers or prospective customers of U.S. Bank, whose identity or other customer specific information I discovered or gained access to as a result of my access to U.S. Bank's Confidential Information, to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank.

7.    I agree that during the term of my employment with U.S. Bank, and for a period of one year thereafter, I will not, directly or indirectly, encourage, induce or entice any employee of U.S. Bank to leave U.S. Bank's employment.

8.    I agree that, following the termination of my employment with U.S. Bank and prior to my acceptance of any subsequent employment, I will notify any person, firm, corporation, association, or other entity with which I am offered employment of the existence of this Agreement and its terms.

9.    I acknowledge that U.S. Bank may elect to provide another party, including any of my subsequent employers, with notice of this Agreement and an opinion about its applicability. While I reserve the right to also communicate my disagreement



with such an opinion if I disagree, I recognize that U.S. Bank has a legitimate business interest in expressing its opinion, and I consent to it doing so. I will not assert any legal claim or cause of action based upon such conduct by U.S. Bank.

10. I understand that the restrictions contained in this Agreement are necessary to protect the business and goodwill of U.S. Bank, and I consider them to be reasonable for such purposes. I also understand and acknowledge that the breach of any provision of this Agreement shall result in substantial, irreparable injury and damage to U.S. Bank, that there is no adequate remedy at law for such breach, and therefore I consent to the issuance of a temporary restraining order or a preliminary injunction by a court to prohibit and enjoin the breach of any provision of this Agreement. I also acknowledge and agree that such relief will be in addition to any other remedies that may be available to U.S. Bank.

11. The enforceability and interpretation of this Agreement shall be governed by the laws of the State of Minnesota regardless of any conflicts of law principles of that State or any other State to the contrary. Venue for all disputes between the parties, including those related to this Agreement, shall be with a state or federal court located within Hennepin County, Minnesota.

12. This Agreement and the rights and duties created hereunder are personal and will not be assignable or delegable by me. This Agreement shall be binding upon and inure to the benefit of both parties and their respective successors and permitted assigns, including any corporation or entity with which U.S. Bank may be merged or which may succeed to its assets or business. I consent that U.S. Bank may, at its option, assigns its rights and duties hereunder to any other person or entity in connection with any form of corporate reorganization, any sale or merger of all or part of U.S. Bank or any acquisition of U.S. Bank.

13. If any provision of this Agreement is held to be unenforceable, then this Agreement will be deemed amended to the extent necessary to render the otherwise unenforceable provision, and the rest of the Agreement, valid and enforceable. If a court declines to amend this Agreement as provided herein, the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the remaining provisions, which shall be enforced as if the offending provision had not been included in this Agreement.

14. All obligations under this Agreement will survive the termination of my employment with U.S. Bank.

15. This document contains the entire agreement of the parties with respect to its subject matter. It may not be changed orally, but only by an agreement in writing signed by me and an authorized representative of U.S. Bank. This Agreement supersedes any and all prior agreements and other understandings between me and U.S. Bank with respect to the matters addressed in this Agreement.



16.    I understand that nothing in this Agreement requires me to continue employment with U.S. Bank for any particular length of time or requires that U.S. Bank continue to employ me for any particular length of time.

I HAVE CAREFULLY REVIEWED THIS AGREEMENT PRIOR TO SIGNING IT, AND I UNDERSTAND ITS TERMS.

_Jason Beumor_
Print Your Full Legal Name Here

_(signature)_                                         10/19/2012
Signature                                               Date

*NOTE:  In order to facilitate the new hire process and insure proper payroll processing, the signed original of this document must be returned to your HR Representative **prior** to starting employment. If you are in doubt of where to return agreement, please send to:*

**Non-Solicitation Administration**
**800 Nicollet Mall**
**BC-MN-H17B**
**Minneapolis MN  55402**