**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>JAMES KIRK, DARCY FREDERICKSON, and JASON BEUMER,<br><br>Defendants. | Case No. 025-cv-01926-LMP-DTS |

# DEFENDANTS' RESPONSE TO THE MARCH 28, 2025, SUPPLEMENTAL DECLARATIONS FILED BY U.S. BANK [ECF 41, 42]

Pursuant to the Court's March 29, 2025 Minute Entry [ECF 45], Defendants James Kirk ("Kirk"), Darcy Frederickson ("Frederickson"), and Jason Beumer ("Beumer") (collectively, "Defendants") respectfully submit this supplemental brief in response to the March 28, 2025 declarations of Andrew Waters [ECF 41] and Heather Day Patrek [ECF 42] filed by Plaintiff U.S. Bank National Association ("U.S. Bank") in further support of its pending motion for a temporary restraining order ("TRO") against Defendants [ECF 4].

U.S. Bank's supplemental declarations offer no support for its claim that Defendants took any U.S. Bank confidential information. The declarations show only that Defendants accessed certain documents prior to their resignations, *while they were still employees of U.S. Bank*. There is nothing improper about current employees accessing documents in the ordinary course of business. No evidence has been presented by U.S. Bank that Defendants

took, retained, or used U.S. Bank's confidential information. Defendants have affirmed under oath that they did not take any U.S. Bank confidential information [ECF 36, 37, 38].

Up until their resignations from U.S. Bank on April 15, 2025, Defendants serviced clients on behalf of U.S. Bank and carried out their employment duties on behalf of U.S. Bank. Ms. Patrek has no personal knowledge to state that there was "no legitimate business reason" for Defendants to access certain documents before they resigned, particularly when she previously stated in her prior April 30, 2025, declaration that she was only Kirk's direct manager [ECF 7, ¶16]. She was not the direct manager for either Beumer or Frederickson.

Beumer's direct manager, Paul Springmeyer, had tasked Beumer with coordinating the reassignment of the book of business of a retiring U.S. Bank portfolio manager, Steve Hobbs, to other portfolio managers at U.S. Bank in Minnesota. This project was ongoing at the time Beumer resigned from U.S. Bank on April 15, 2025, and is the reason for him accessing the files referred to in Ms. Patrek's supplemental declaration as the "Hobbs Book Transition.xlsx" and "Copy of MN PM load 3.18.2025 with Hobbs Book Changes.xlsx." [ ECF 42, ¶¶ 21-22, 25-26]. Ms. Patrek has no factual basis to claim that Beumer had "no legitimate business reason" to access documents related to the Steve Hobbs book transition, when he was expressly tasked by U.S. Bank to undertake this project [ECF 42, ¶¶ 22, 26].

Similarly, although Ms. Patrek claims that Beumer accessed a document titled "data (12).xlsx" containing client information, she does not claim that Beumer had no legitimate business reason to access it. *Id.*, ¶¶ 23-24. As Ms. Patrek acknowledges, this file is a "Daily Cash Report" that "a portfolio manager can run daily." *Id.*, ¶ 24. Beumer regularly accessed this report during the normal course of his employment at U.S. Bank, as it was best practice

for a portfolio manager, like him, to do so. Ms. Patrek only takes issue with him accessing this report on April 14, 2025, because he resigned the next day. Ms. Patrek does not allege that this report was improper to access in the normal course of employment [ECF 42, ¶ 23]. Therefore, there was nothing improper about Beumer accessing this file on April 14, 2025, when he was still an employee of U.S. Bank and performing his job duties for U.S. Bank.

The same holds true of the other assertions made by Ms. Patrek in her supplemental declaration. For example, Ms. Patrek asserts that there was "no legitimate business reason" for Frederickson to access four files on April 14, 2025. [ECF 42, ¶ 5]. However, Ms. Patrek was not Frederickson's manager. Frederickson's manager sent her these and other similar files during her U.S. Bank employment, which were widely disseminated within the bank, and which she typically saved on her desktop to be used as a personal working copy. There was nothing unusual about accessing these four files during her U.S. Bank employment or saving them on her desktop. Before resigning, she accessed various files from her desktop to determine if they needed to be saved on U.S. Bank's OneDrive. Frederickson did not take these files or any other files, and U.S. Bank has no evidence that Frederickson did so.

As another example, Ms. Patrek claims that Kirk had no legitimate business reason to access a document titled "New PWM Tiered Fee Schedule 2021.xlsx," which allegedly contained fee information for U.S. Bank clients. *Id.* ¶¶ 11-12. However, as the relationship manager, Kirk regularly discussed fees and fee-related questions with his clients and would often use this document to prepare for these discussions. This document was not client specific and did not contain client data. There was nothing unusual about Kirk accessing fee structure information within the scope of his employment with U.S. Bank. Furthermore,

Kirk's access of the filed named "Hobbs-Kirk Book of Business.xlsx" related to the Steve Hobbs book of business reassignment project, as discussed above. *See id.* ¶ 7. Neither Kirk nor the other Defendants stopped performing their job duties on U.S. Bank's behalf until they resigned—they worked to the best of their abilities all the way to the end.

Ms. Patrek's declaration only establishes that Defendants lawfully accessed certain documents within the ordinary course of their employment and were performing their job duties at U.S. Bank until the date that they resigned. The additional declarations [ECF 41, 42] do not support U.S. Bank's meritless claims that confidential information was taken.

Dated: June 3, 2025

Respectfully submitted,

**MOSS & BARNETT**

By: /s/ *Craig A. Brandt*
Craig A. Brandt, Esq.
Moss & Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Tel.: (612) 877-5360
Email: Craig.Brandt@lawmoss.com

**STEVENS & LEE**
A Pennsylvania Professional Corporation

By: /s/ *Jonathan A. Scobie*
Thomas B. Lewis (*pro hac vice* granted)
Jonathan A. Scobie (*pro hac vice* granted)
Stevens & Lee
510 Carnegie Center Drive, Suite 400
Princeton, NJ 08540
Tel.: 609-987-6656
Email: jonathan.scobie@stevenslee.com

*Attorneys for Defendants James Kirk, Darcy Frederickson, and Jason Beumer*