**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>JAMES KIRK, DARCY FREDERICKSON, AND JASON BEUMER.<br><br>Defendants. | Case No. 25-cv-1926 (LMP/DTS)<br><br>**JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motions:

- Plaintiff's Motion for Temporary Restraining Order (ECF No. 4)

Pursuant to Local Rule 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY:<br>a) The information that the parties agree should remain sealed;<br>b) The information the parties agree should be unsealed; and<br>c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOCUMENT CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| **41** | 43 | Unredacted copy of Declaration of Andrew Waters in Support of Plaintiff's Motion for Temporary Restraining Order | The parties agree that the entire document should remain sealed. | | **Plaintiff's Position**:<br><br>This document includes identifying information about U.S. Bank's confidential documents that were accessed on Defendants' work computers in the days leading to their resignations from U.S. Bank.<br><br>Because of the expedited nature of U.S. Bank's motion for temporary restraining order, a protective order has not yet been entered. Had one been entered when U.S. Bank filed this document, U.S. Bank would have designated the information in this document as confidential pursuant to such protective order.<br><br>**Defendants' Position**:<br><br>Because Plaintiff contends that certain information in the document is confidential, Defendants do not oppose continued sealing, but do not take a position on the confidentiality of the information. |

| | | | | | |
|---|---|---|---|---|---|
| **41-1** | | Spreadsheet of documents and folders accessed on Darcy Frederickson's work computer in the days leading to her resignation from U.S. Bank | The parties agree that redaction of the document is impracticable (*see* ECF No. 44), and that the entire document should remain sealed. | | **Plaintiff's Position**:<br><br>This document includes certain identifying information about U.S. Bank's Private Wealth Management clients. These clients have a reasonable expectation of privacy with respect to this confidential information, and U.S. Bank steadfastly protects such information. Indeed, the entire foundation of U.S. Bank's Private Wealth Management division is built on its client relationships and the trust it has built over the course of years and decades.<br><br>The document also details the name and file path of several U.S. Bank documents, which contain sensitive and confidential information known only to U.S. Bank employees.<br><br>Because of the expedited nature of U.S. Bank's motion for temporary restraining order, a protective order has not yet been entered. Had one been entered when U.S. Bank filed this document, U.S. Bank would have designated this document as confidential pursuant to such protective order. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | **<u>Defendants' Position</u>**:<br><br>Because Plaintiff contends that certain information in the document is confidential, Defendants do not oppose continued sealing, but do not take a position on the confidentiality of the information. |
| **41-2** | | Spreadsheet of documents and folders accessed by James Kirk's work computer in the days leading to his resignation from U.S. Bank | The parties agree that redaction of the document is impracticable (*see* ECF No. 44), and that the entire document should remain sealed. | | **<u>Plaintiff's Position</u>**:<br><br>This document includes certain identifying information about U.S. Bank's Private Wealth Management clients. These clients have a reasonable expectation of privacy with respect to this confidential information, and U.S. Bank steadfastly protects such information. Indeed, the entire foundation of U.S. Bank's Private Wealth Management division is built on its client relationships and the trust it has built over the course of years and decades.<br><br>The document also details the name and file path of several U.S. Bank documents, which contain sensitive and confidential information known only to U.S. Bank employees.<br><br>Because of the expedited nature of U.S. Bank's motion for temporary |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | restraining order, a protective order has not yet been entered. Had one been entered when U.S. Bank filed this document, U.S. Bank would have designated this document as confidential pursuant to such protective order.<br><br>**<u>Defendants' Position</u>**:<br><br>Because Plaintiff contends that certain information in the document is confidential, Defendants do not oppose continued sealing, but do not take a position on the confidentiality of the information. |
| **41-3** | | Spreadsheet of documents and folders accessed by Jason Beumer's work computer in the days leading to his resignation from U.S. Bank | The parties agree that redaction of the document is impracticable (*see* ECF No. 44), and that the entire document should remain sealed. | | **<u>Plaintiff's Position</u>**:<br><br>This document includes certain identifying information about U.S. Bank's Private Wealth Management clients. These clients have a reasonable expectation of privacy with respect to this confidential information, and U.S. Bank steadfastly protects such information. Indeed, the entire foundation of U.S. Bank's Private Wealth Management division is built on its client relationships and the trust it has built over the course of years and decades. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The document also details the name and file path of several U.S. Bank documents, which contain sensitive and confidential information known only to U.S. Bank employees.<br><br>Because of the expedited nature of U.S. Bank's motion for temporary restraining order, a protective order has not yet been entered. Had one been entered when U.S. Bank filed this document, U.S. Bank would have designated this document as confidential pursuant to such protective order.<br><br>**<u>Defendants' Position</u>**:<br><br>Because Plaintiff contends that certain information in the document is confidential, Defendants do not oppose continued sealing, but do not take a position on the confidentiality of the information. |
| **42** | | Supplemental Declaration of Heather Day Patrek in Support of Plaintiff's Motion for Temporary Restraining Order | The parties agree that redaction of the document is impracticable (*see* ECF No. 44), and that the entire document should remain sealed. | | **<u>Plaintiff's Position</u>**:<br><br>This document contains detailed descriptions of the contents of several confidential U.S. Bank documents, including examples of information that U.S. Bank tracks with respect to its Private Wealth Management clients. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Because of the expedited nature of U.S. Bank's motion for temporary restraining order, a protective order has not yet been entered. Had one been entered when U.S. Bank filed this document, U.S. Bank would have designated the information in this document as confidential pursuant to such protective order.<br><br>**<u>Defendants' Position</u>**:<br><br>Because Plaintiff contends that certain information in the document is confidential, Defendants do not oppose continued sealing, but do not take a position on the confidentiality of the information. |

**MASLON LLP**

Dated: June 18, 2025

By: */s/ Jeremy D. F. Krahn*
Melissa Muro LaMere (#0393295)
Jeremy D. F. Krahn (#0399976)
Carmen-Marie Carballo (#402890)
225 South Sixth Street, Suite 2900
Minneapolis, MN 55402
Telephone: (612) 672-8200
Email: melissa.murolamere@maslon.com
jeremy.krahn@maslon.com
carmen.carballo@maslon.com

**ATTORNEYS FOR PLAINTIFF**

**MOSS & BARNETT, P.A.**

Craig A. Brandt (#214036)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5000
Email: craig.brandt@lawmoss.com

**STEVENS & LEE P.C.**

Dated: June 18, 2025

By: */s/ Jonathan A. Scobie*
Thomas B. Lewis (NJ #020181987)
(admitted *pro hac vice*)
Jonathan A. Scobie (NJ #018302009)
(admitted *pro hac vice*)
510 Carnegie Center Drive, Suite 400
Princeton, NJ 08540
Telephone: (609) 987-6656
Email: thomas.lewis@stevenslee.com
jonathan.scobie@stevenslee.com

**ATTORNEYS FOR DEFENDANTS**