**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

U.S. Bank National Association,

Plaintiff,

v.

James Kirk, Darcy Frederickson,
and Jason Beumer,

Defendants.

Case No. 25-cv-1926-LMP-DTS

**ORDER ON JOINT MOTION FOR CONTINUED SEALING**

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing under Local Rule 5.6(d)(3). (Dkt. No. 48.) The Joint Motion addresses documents that are filed under temporary seal in connection with Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 4).

Specifically, the parties contend that Docket Numbers 41, 41-1, 41-2, and 41-3 should remain sealed in their entirety. The Court concurs.

The parties also contend that Docket Number 42, Supplemental Declaration of Heather Day Patrek, should remain sealed in its entirety as redaction is impracticable. Having reviewed the Patrek Supplemental Declaration, the Court finds that good cause has not been shown for continued sealing of the document in its entirety, for two reasons.

First, the Patrek Supplemental Declaration contains only limited confidential information, such that a redacted version of the document can be prepared. Plaintiff submitted a narrowly-redacted version of the Declaration of Andrew Waters (Dkt. Nos. 41, 43), which is similar in important ways to the Patrek Supplemental Declaration. No. 42). There is no significant difference between the quantity of confidential computer file names in the Waters Declaration and those in the Patrek Supplemental Declaration. Therefore, just as Plaintiff was able to redact the computer file names in the Waters Declaration, so too can Plaintiff redact that information in the Patrek Supplemental Declaration.

Second, on June 6, 2025, Judge Provinzino issued an Order (Dkt. No. 47) granting in part and denying in part Plaintiff's motion for a preliminary injunction. The Order discusses the Patrek Supplemental Declaration in analyzing Plaintiff's rationale for asserting that Defendants' access to certain documents supports Plaintiff's claims. (Dkt. No. 47 at 7, 14). Because Judge Provinzino's Order discusses the Patrek Supplemental Declaration, it is important to make public as much of the declaration as possible and unnecessary to keep the entire document under seal.

For these reasons, Plaintiff shall file a public version of the Patrek Supplemental Declaration that narrowly redacts the computer file names therein.

**IT IS HEREBY ORDERED**:

1. The parties' Joint Motion Regarding Continued Sealing, Docket Number 48, is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk is directed to keep **sealed** the following documents: Docket Numbers 41, 41-1, 41-2, 41-3, and 42.

3. On or before July 30, 2025, Plaintiff must file a new redacted public version of Docket Number 42 that redacts only confidential computer file names.

4. The Clerk is directed to unseal the following documents 21 days after the issuance of this Order unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3).

Dated: July 9, 2025

*s/ Elsa M. Bullard*
ELSA M. BULLARD
U.S. Magistrate Judge